**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

JAMES IRA SAMPLES et al.                                              **PLANTIFFS**

**v.**                                             **CIVIL ACTION NO. 5:25-CV-157-CRS**

BILLY DON WAYNICK et al.                                             **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on *pro se* Plaintiff James Ira Sample's motion for leave to

proceed *in forma pauperis*.  On review, the Court finds that Plaintiff makes the financial showing

required by 28 U.S.C. § 1915(a).  The Court, therefore, **GRANTS** the motion (DN 4).  Because

Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court will review

the complaint pursuant to 28 U.S.C. § 1915(e)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601

(6th Cir. 1997)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  As set forth

below, the Court will dismiss this lawsuit.

**I.**

Plaintiff filed a 147-page civil rights complaint on his own paper.  The complaint names

55 Defendants, including attorneys, prosecutors, the McCracken County Jailer, judges, police

officers, sheriffs, the governor of Kentucky, state government agencies, county agencies,

McCracken County, Livingston County, President Donald Trump, and FBI Director Kash Patel.

It appears to cover events over at least the last nine years, including six years Plaintiff spent out of

the country because he was "forced" to by "multiple false arrests and denials of due process."  He

asks for a temporary restraining order (TRO) and preliminary injunction to enjoin a state criminal

case against him in McCracken County Court, No. 16-CR-00450, which he states is set for a jury

trial on September 30, 2025.  He also moves to amend, apparently to include "hospital records, and other evidentiary materials [and] to bring this motion in conformity."

## II.

Upon review under § 1915(e), the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  However, when considering a *pro se* complaint, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions."  *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint).  Nor is this Court required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (per curiam).  To do so would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

Additionally, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To properly state a claim on which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a), which provides that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Similarly, Rule 8(d)(1) specifies that "[e]ach allegation must be simple, concise, and direct." This rule serves the judicial interest in fair notice. A plaintiff must present the complaint in an intelligible manner so that a court or opposing party can "understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). A complaint that is "prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Id*. at 775–76. "When faced with voluminous pleadings, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover[] whether the essentials of claims asserted can be found in such a melange." *Sevier v. Apple, Inc.*, No. 3:13-0607, 2015 WL 4873122, at \*8 (M.D. Tenn. Aug. 13, 2015) (quoting *Schied v. Daughtrey*, 2008 WL 5422680, at \*1 (E.D. Mich. Dec. 29, 2008). The difficulty in deciphering lengthy pleadings filed by parties representing themselves is, in part, why the Court makes available forms that help plaintiffs specify their allegations and claims in a concise manner.[1] *See Smith v. City of Chattanooga*, No. 1:10-CV-206, 2010 WL 5257238, at \*2 (E.D. Tenn. Dec. 17, 2010).

---

[1] This Court's forms for *pro se* litigants are available on its website.

Courts readily dismiss pleadings that do not conform to the Rule 8 pleading standards. *See e.g.*, *Collier v. First Mich. Co-op. Hous. Ass'n*, 274 F.2d 467, 469 (6th Cir. 1960) (granting a motion to dismiss pleadings that did not conform to Rule 8); *Morales v. New York*, 22 F. Supp. 3d 256, 265 (S.D.N.Y. 2014) (granting a motion to dismiss "[p]laintiff's lengthy submissions" that were "largely rambling, conclusory, or incoherent"); *Brown v. Knoxville News-Sentinel*, 41 F.R.D. 283, 284 (E.D. Tenn. 1966) (dismissing a "verbose, confused, scurrilous and redundant" complaint that violated Rule 8); *Plymale v. Freeman*, No. 90-2202, 930 F.2d 919, 1991 WL 54882 at *1 (6th Cir. 1991) (affirming district court's dismissal of 119-page "rambling complaint").   Here, Plaintiff's 147-page filing is unacceptably verbose and confusing.  The Court is unable to find any portion of the filing that "simpl[y], concise[l]y, and direct[ly]" sets forth the precise nature of Plaintiff's claims.  Fed. R. Civ. P. 8(d)(1).  As such, the Court will, by separate order, dismiss this case for failure to meet Rule 8(a)'s notice-pleading standard.

Date:   September 23, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4411.009

4